Filed 7/26/22 In re S.S. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re S.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. S.S., Defendant and Appellant. | G060612 (Super. Ct. No. 20DL0220) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Katherine E. Lewis, Judge. Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*       \*       \*

## FACTS

In July of 2021, after a contested jurisdictional hearing, Superior Court Judge Katherine Lewis found it to be true that appellant S.S. (a juvenile) had violated Penal Code section 211 (robbery). Specifically, the court found that appellant and another man accosted the victim, pulled his bag from his shoulder, jumped into a blue van, and fled. The victim testified he stopped struggling and allowed appellant to take the bag because he was afraid.

The victim of the robbery was "100 percent sure" of his identification of appellant, even though he thought the robber was about the same height he was, and appellant is roughly six inches taller. Defense called an eyewitness identification expert who testified about the unreliability of identifications in circumstances such as those presented in this case. Nonetheless, the trial judge was convinced and found the petition true.

## DISCUSSION

S.S. filed an appeal, and we appointed counsel to represent him on that appeal. Counsel, an able and experienced criminal lawyer, filed a brief which fully set forth the facts of the case. Her conscientious and very helpful description of the facts of the case assisted this court in its search for possible issues.

Counsel did not argue against her client but advised the court she could find no issues to argue on appellant's behalf. Appellant was invited to express his own objections to the proceedings against him but did not. Under the law, this put the onus on us to review the record and see if *we* could find any issues that might result in some kind of amelioration of appellant's lot. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) It should be emphasized that our search was not for issues upon which appellant *would* prevail, but only issues upon which he *might possibly* prevail.

We have examined the record and found no arguable issue. This is not surprising. In fact, it is what we find in the vast majority of cases in which appellate

2

counsel files a *Wende* brief. Even the most cynical observer of the legal system would have to recognize that appellate counsel has a financial incentive for finding issues. The simple matter is counsel makes more money if he/she finds an issue that is arguable than if he/she does not. So while it sometimes happens that an appellate court will find issues after appellate counsel has thrown in the towel, it is unusual.

In this case, there was a trial. The casual observer might posit that in the testimony of several witnesses, including an expert in a trial that was extended over several days, there must have been something that was done wrong, some mistake that should be examined. But that is not the issue before us. Reversal of a criminal conviction takes place only when an error is prejudicial to the defendant's case. And in looking for issues in which the appellant might possibly prevail, we are mindful that the error would have to be one that would come within the guarantees of the Constitution of our state.

Our Constitution provides in article VI, section 13 that, "No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

We have looked at the evidence brought forth at appellant's trial and can find no such error. There were no controversial searches or questionable means used in obtaining statements, nor were there any substantial evidentiary issues at trial. The key defense witness was allowed to testify at length, and we can find nothing that suggests *any* error, much less prejudicial error.

There was a conflict concerning the identification of the appellant, but that issue was resolved by the trier of fact. The law is clear that the testimony of one witness,

3

if believed, is sufficient to support a conviction, so there is no question about whether there was substantial evidence to support the conviction.

We have searched for other issues and have found none that we think has any chance of success. We believe counsel's decision to file a *Wende* brief was well-advised. The judgment is affirmed.

BEDSWORTH, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MARKS, J.*

\*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4